STATE OF NORTH CAROLINA
County of Mecklenburg

File # 97-CRS-007681
Film #

The State of North Carolina

vs.

Jeffrey Donald Black,
Defendant.

In The General Court of Justice
Superior Court Division

March 10, 1997

ROBBERY WITH A DANGEROUS WEAPON
G.S. 14-87

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 9th day of January, 1997, in Mecklenburg County, Jeffrey Donald Black did unlawfully, wilfully and feloniously steal, take, and carry away another's personal property, one (1) leather coat, of value, from the person and presence of Jesse Calvin Linker. The defendant committed this act by means of an assault consisting of having in his possession and threatening the use of a firearm, a handgun, a dangerous weapon, whereby the life of Jesse Calvin Linker was threatened and endangered.

_____
Assistant District Attorney

****************************************************************

WITNESSES:

C. S. Davis, CMPD

****************************************************************

The witnesses marked "X" were sworn by the undersigned foreman and examined before the grand jury, and the bill was found to be ____ a true bill by twelve or more grand jurors ____ not a true bill.

I hereby certify that __17__ members of the grand jury concurred in finding this to be a true bill of indictment.

This __10__ day of __March__, 19__97__.

_____
Grand Jury Foreman

PENDING P/C         97-0115-220700                                  PNA
Charge Number: 122202    PID: 196847

# STATE OF NORTH CAROLINA

**MECKLENBURG** County **CHARLOTTE, N.C.** Seat of Court

File No. **97CRS 7681, 97CRS 117287**

In The General Court Of Justice
Superior Court Division

NOTE: (This form is to be used for (1) felony offense(s) and (2) misdemeanor offense(s) which are consolidated for judgment with any felony offense(s). Use AOC-CR-301 on DWI offense(s).)

## STATE VERSUS

**Defendant**
JEFFREY DONALD BLACK

| Race | Sex | DOB |
|---|---|---|
| White | M | 05-22-1978 |

## JUDGMENT AND COMMITMENT
### ACTIVE PUNISHMENT
### FELONY
(STRUCTURED SENTENCING)

G.S. 15A-1301, 15A-1340.13

**Attorney For State**
M. GOODENOW & A. GLEASON

Def. Found Not Indigent | Def. Waived Attorney

**Attorney For Defendant**
GEORGE V. LAUGHRUN

☒ Appointed ☐ Retained

The defendant ☒ pled guilty to: ☐ was found guilty by a jury of: ☐ pled no contest to:

| File No.(s) And Offense(s) | Date Of Offense | G.S. No. | F/M | CL. |
|---|---|---|---|---|
| 97 CRS 7681-ROBBERY WITH DANGEROUS WEAPON | 01-06-1997 | 14-87 | F | D |
| 97 CRS 117287-ATTEMPTED ROBBERY WITH DANGEROUS WEAPON | 01-13-1997 | 14-87 | F | D |

The Court

☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be  1
☐ 2. makes no prior record level finding because none is required for Class A felony, enhanced firearm penalty, violent habitual felon, or drug trafficking offenses.

**PRIOR RECORD LEVEL:** ☐ I ☒ II ☐ III ☐ IV ☐ V ☐ VI

The Court

☐ 1. makes no written findings because the prison term imposed is ☐ (a) within the presumptive range of sentences authorized under G.S. 15A-1340.17(c). ☐ (b) for a Class A felony. ☐ (c) for enhanced firearm penalty (G.S. 15A-1340.16A). ☐ (d) for an adjudication as a violent habitual felon. G.S. 14-7.12. ☐ (e) for drug trafficking offenses.
☒ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☐ 3. imposes the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. adjudges the defendant to be an habitual felon pursuant to Article 2A of G.S. Chapter 14.
☐ 6. finds enhanced punishment from a Class 1 misdemeanor to a Class I felony. ☐ G.S. 90-95(e)(3) (drugs); ☐ G.S. 14-3(c) (race).
☐ 7. finds no Extraordinary Mitigation.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned

for a minimum term of **89** months for a maximum term of: **116** months in the custody of the:

☒ N.C. DOC.
☐ Sheriff pursuant to G.S. 15A-1352(b).
☐ Other

☐ Class A Felony  Life Imprisonment Without Parole
☐ Death (see attached Death Warrant and Certificates)
☐ Class B1 Felony  Life Imprisonment Without Parole
☐ Violent Habitual Felon  Life Imprisonment Without Parole

The defendant shall be given credit for **169** days spent in the confinement prior to the date of this Judgment as a result of this charge.

☐ The sentence imposed above shall begin at the expiration of all sentences which the defendant is presently obligated to serve.
☐ The sentence imposed above shall begin at the expiration of the sentence imposed in the case referenced below.
(NOTE: List the case number, date, county and court in which prior sentence imposed.)

AOC-CR-601
New 10/94

Material opposite unmarked squares is to be disregarded as surplusage
(Over)

(Check all that apply)
1. The defendant shall pay the costs
2. The defendant shall pay a fine of $

**The Court recommends**
3. Substance Abuse Treatment Unit pursuant to G.S. 15A-1351(h)
4. Psychiatric and/or psychological counseling
5. Work Release
6. Payment as a condition of post release supervision, if applicable, or from work release earnings, if applicable, of the items and amounts set out below.

Fine    Costs    Restitution    Reimbursement For Atty Fee & Other Expenses    Total Amount Due

Name(s), address(es), amount(s) & social security number(s) of aggrieved party(ies) to receive restitution

**The Court further recommends:**

**The Court does not recommend:**
1. Restitution as a condition of post release supervision or work release
2. Work release

### AWARD OF FEE TO COUNSEL FOR DEFENDANT

A hearing was held in open court in the presence of the defendant at which time a fee, including expenses, was awarded the defendant's appointed counsel or assigned public defender.

### ORDER OF COMMITMENT/APPEAL ENTRIES

X It is ORDERED that the Clerk deliver two certified copies of this Judgment and Commitment to the sheriff or other qualified officer and that the officer cause the defendant to be delivered with these copies to the custody of the agency named on the reverse to serve the sentence imposed or until the defendant shall have complied with the conditions of release pending appeal.

The defendant gives notice of appeal from the judgment of the Superior Court to the Appellate Division. Appeal entries and any conditions of post conviction release are set forth on form AOC-CR-350.

Date: 08-06-1997
Name Of Presiding Judge (Type Or Print): RAYMOND A. WARREN
Signature Of Presiding Judge: [signature]

### ORDER OF COMMITMENT AFTER APPEAL

Date Appeal Entered    Date Withdrawal Of Appeal Filed    Date Appellate Opinion Certified

It is ORDERED that this Judgment be executed. It is FURTHER ORDERED that the sheriff arrest the defendant, if necessary, and recommit the defendant to the custody of the official named in this Judgment and furnish that official two certified copies of this Judgment and Commitment as authority for the commitment and detention of the defendant.

Date    Signature Of Clerk    Deputy CSC    Assistant CSC    Clerk Of Superior Court

### CERTIFICATION

I certify that this Judgment and Commitment with the attachment marked below is a true and complete copy of the original which is on file in this case.

Appeal Entries (AOC-CR-350)
X Felony Judgment Findings Of Aggravating And Mitigating Factors (AOC-CR-605)
Judicial Findings As To Forfeiture Of Licensing Privileges (AOC-CR-317)
Commitment Information Statement (DC-600)

Date Certified Copies Delivered To Sheriff: 08-06-1997
7/3/97

Signature And Seal: Carolyn B. [signature]
X Deputy CSC    Assistant CSC    Clerk Of Superior Court

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NUMBER: 97-CRS-1988
97-CRS-7681
97-CRS-117287

STATE OF NORTH CAROLINA )
)
vs. )
)
Jeffrey Donald Blue, )
Defendant. )

CERTIFICATE AS TO CREDIT
UPON SENTENCE

The undersigned attorney of record for the Defendant hereby certifies to the Court:

Upon examination of the record, the Defendant is entitled to -169- days' credit upon any sentence of imprisonment, pursuant to North Carolina General Statute 15A-1355(b).

This the 6TH day of August, 1997.

GOODMAN, CARR, NIXON & LAUGHRUN

BY: _____
George V. Laughrun, II
Attorney for Defendant
Suite 602 Cameron Brown Building
301 South McDowell Street
Charlotte, North Carolina 28204
Telephone: 704/372-2770

FILED #23

AUG 6 1997

CLERK OF SUPERIOR COURT
MECKLENBURG COUNTY, N.C.